IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



BOARD OF TRUSTEES, SHEET )
METAL WORKERS' NATIONAL )
PENSIONS FUND, )
)
Plaintiff, )
)
v. ) Civil Action No. 01:09-cv-1254
)
STEINBRUNER HEATING & )
COOLING, )
)
Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff, the Board of Trustees for the Sheet Metal Workers' National Pension Fund ("Fund"), seeks a judgment awarding withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001 et seq. (1982), owed by Defendant Steinbruner Heating & Cooling ("Steinbruner") as a result of its complete withdrawal from the Fund on January 9, 2008. Plaintiff also seeks interest on the withdrawal liability, liquidated damages and reasonable attorneys' fees and costs, pursuant to MPPAA.

Plaintiff administers the Fund at 601 North Fairfax Street

in Alexandria, Virginia. Defendant is incorporated under the laws of Wisconsin, and its principal place of business is 600 Oregon Street, Oshkosh, Wisconsin. The Fund is created and maintained pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and it is a multiemployer pension plan within the meaning of Section 3(37) of ERISA. Plaintiff is comprised of individual trustees who are "fiduciaries" with respect to the Fund, as defined in Section 3(21)(A) of ERISA, and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA. Until the date of its withdrawal from the Fund on or about January 9, 2008, Defendant was an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, and was engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA.

Until the date of its withdrawal from the Fund, Defendant employed employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association Local Union No. 18 ("Local Union No. 18"), a labor organization representing employees in an industry affecting interstate commerce. At all times pertinent to this action, Defendant was bound by a collective bargaining agreement with Local Union No. 18, under which it was required to make contributions to the Fund on behalf of its employees who were covered by the Agreement.

2

The Agreement obligated Defendant to abide by the terms and conditions of the Agreement and Declaration of Trust ("Trust Agreement") establishing the Fund, and to submit monthly reports and payments to the Fund.

The Fund determined that on or about January 9, 2008, Defendant effected a "complete withdrawal" from the Fund as defined in Section 4203 of ERISA. The Fund determined that, as a result of this complete withdrawal, Defendant incurred a withdrawal liability to the Fund in the amount of $151,137.62, as determined under Section 4201(b) of ERISA. On or about June 19, 2009, Defendant received a Notice and Demand for payment of withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA. This Notice and Demand for payment informed Defendant that its withdrawal liability was $151,137.62, payable in 25 quarterly payments of $7,080.78, and a final quarterly payment of $5,608.90. The Notice and Demand stated the first quarterly payment was due on or before July 19, 2009.

Defendant received a letter from the Fund dated August 18, 2009, notifying Defendant that it was delinquent in making its first quarterly withdrawal liability payment and that it had 60 days from receipt of the letter to cure the delinquency or it would be in default within the meaning of ERISA § 4219(c)(5)(A). Defendant has not made any withdrawal liability payments to the

Fund. Defendant did not request a plan sponsor review of the withdrawal liability assessment within the time period specified in Section 4219(b)(2)(A) of ERISA, and did not initiate arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, and is now precluded from doing so.

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court must grant summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, courts view the facts in a light most favorable to the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party then has the burden of showing that a genuine dispute as to any material fact does exist. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' and designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Any dispute between an employer and a multiemployer pension plan, such as the Fund, concerning the determination of withdrawal liability under ERISA must be resolved through arbitration. See 29 U.S.C. §§ 1401(a)(1); McDonald v. Centra Inc., 946 F.2d 1059, 1063 (4th Cir. 1991). By failing to timely request arbitration, the withdrawal liability of Defendant, as assessed by the Fund, became fixed, due, and owing. 29 U.S.C. § 1401(b)(1). Moreover, the Fund is entitled to payment of the entire outstanding amount of withdrawal liability because Defendant is in default within the meaning of 29 U.S.C. § 1399(c)(5) and 29 C.F.R. 4219.31(b), for failing to timely cure its delinquency.

Defendant argues, among other things, that summary judgment should not be granted because of a previous Wisconsin state court ruling, which held Defendant liable for delinquent contribution payments to the pension fund for the period of December 1, 2005 to December 31, 2007. Defendant's argument lacks merit because ERISA contains separate causes of action for the collection of delinquent monthly contributions, which arise under Title I of ERISA, and the collection of withdrawal liability, which arise out of Title IV of ERISA. Withdrawal liability is a distinct

cause of action under ERISA that only arises after an employer withdraws from a pension plan. Defendant's withdrawal from the Fund, and subsequent obligation to pay withdrawal liability, did not occur until after January 9, 2008, nearly a year after the period in which Defendant was held liable for delinquent pension fund contributions.

Defendant was signatory and bound by the collective bargaining agreement with Local Union No. 18, under which it was required to make contributions to the Fund on behalf of its employees who were covered by the Agreement. That Agreement obligated Defendant to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and to submit monthly reports and payments to the Fund. The Fund determined that on or about January 9, 2008, Defendant effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. The Fund determined that as a result of this complete withdrawal, Defendant incurred withdrawal liability to the Fund in the amount of $151,137.62, as determined under Section 4219(b)(1) of ERISA, 29 U.S.C. § 1381(b).

Under ERISA Section 502(g)(2), a delinquent employer is liable not only for delinquent contributions but liquidated damages, interest, and attorneys' fees and costs in the event that a multiemployer fund is required to file suit to recover the contributions. 29 U.S.C. § 1132(g)(2). An award of interest,

liquidated damages and attorneys' fees and costs is mandatory under ERISA. Id; see McDonald at 1065 ("[W]hen a fund is successful in a suit to recover delinquent contributions attorneys' fees are mandatory not discretionary."). Under the Fund's Trust Agreement, interest on unpaid withdrawal liability accrues at the rate of 8.5% per annum (0.0233% per day, compounded daily). As of May 21, 2010, the accumulated interest on the unpaid withdrawal liability amounts to $10,775.81. The Fund also is entitled to liquidated damages in the amount equal to the greater of interest on the delinquent withdrawal liability or 20 percent of the delinquent withdrawal liability. 29 U.S.C. § 1132(g)(2). Thus, Defendant is liable for liquidated damages in the amount of $30,227.52. Additionally, the Fund is entitled to the attorneys' fees and costs that it has incurred in pursuing the collection of the delinquent withdrawal liability owed by Defendant. Id.

For the reasons stated above, Plaintiff's Motion for Summary Judgment should be GRANTED. An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
May 25, 2010